# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFREDOS ONTIVEROS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-CV-358-TCK-PJC |
| | ) |
| ARDENT HEALTH SERVICES, LLC | ) |
| and AHS MANAGEMENT | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. 38) and Defendants' Motion for Confession of Judgment and for Sanctions (Doc. 40 and Doc. 41).

**I.     Background**

In his Complaint, Plaintiff asserts claims against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and breach of Oklahoma statutory duty to pay unpaid wages upon termination from employment. All three claims are premised on Plaintiff's contention that, upon his termination from employment with Defendants, Defendants wrongfully conditioned his receipt of severance upon his execution of a release. Plaintiff has refused to sign such release and therefore has not received his severance. On April 14, 2009, Defendants filed a motion for summary judgment, setting forth thirty-one undisputed facts and arguing that all three claims fail as a matter of law. Plaintiff failed to respond to the motion or to controvert Defendants' facts in any way. On May 11, 2009, Defendants moved for confession of judgment and for sanctions against Plaintiff.

**II.     Motion for Summary Judgment**

Even when a dispositive motion is unopposed and the moving party has filed a confession of judgment pursuant to Northern District of Oklahoma Local Rule 7.2(f), the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed*, 213 F.3d at 1195. "The court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* However, summary judgment should only be granted if those facts entitle the moving party to judgment as a matter of law. *See id.*

After review of Defendants' Motion for Summary Judgment, the Court finds such motion is properly supported pursuant to Rule 56. As to Plaintiff's claim for breach of contract, Plaintiff admitted in his deposition that the employment agreement allegedly breached encompassed all company policies. It is further undisputed that Defendants had a written severance policy in place at the time of Plaintiff's termination. Such policy provided that all employees must sign a Separation Agreement and General Release in order to receive their severance. Plaintiff has failed to controvert Defendants' assertion that the severance policy covered all employees. Plaintiff has also failed to offer any legal arguments or authority that an employer may not condition severance on signing a release. Therefore, summary judgment is proper based on the breach of contract claim. For the same reasons, Defendant's motion for summary judgment on Plaintiff's claim for breach of the duty of good faith and fair dealing is supported by fact and law.

Similarly, with respect to Plaintiff's claim for breach of Oklahoma statute, Defendants have asserted that there were no "wages" owed based on Plaintiff's failure to sign the required release and that there could be no violation of Oklahoma law requiring unpaid "wages" to be paid upon termination of employment. *See* Okla. Stat. tit. 40, § 165.3(A) (requiring payment of unpaid wages upon termination), § 165.1(4) (defining wages as "compensation owed"). Again, Plaintiff has failed to controvert any facts and failed to make legal arguments regarding the meaning of this statute. The Court finds that Defendants' uncontroverted facts and authority support a finding of summary judgment in its favor on all claims. These holdings apply to this case only and have no precedential value in future cases.

### III.     Motion for Sanctions

Based on Plaintiff's repeated failures to comply with the Court's deadlines and respond to pending dispositive motions, Defendants move for sanctions in the form of their attorneys' fees. Although the Court admonishes Plaintiff's counsel for filing this litigation and then failing to comply with deadlines, respond to motions, or otherwise diligently prosecute his case, the Court declines to impose sanctions on Plaintiff or his counsel.

Defendants' Motion for Summary Judgment (Doc. 38) is GRANTED, and Defendants' Motion for Confession of Judgment and for Sanctions (Doc. 40 and Doc. 41) are DENIED.

**SO ORDERED this 24th day of June, 2009.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**